[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

No. 05-14655
Non-Argument Calendar

_____

D. C. Docket No. 04-00104-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ALLEN FAULK, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 22, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

John Allen Faulk, Jr. appeals his sentences for possessing child pornography

which had been shipped in interstate commerce by computer, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); engaging in sexually explicit conduct with a minor for the purpose of producing a visual depiction, in violation of 18 U.S.C. § 2251(a) and (e); and using the internet to transfer obscene matter to a minor, in violation of 18 U.S.C. § 1470. Specifically, Faulk contends that the district court erred when it imposed a special condition of supervised release that required Faulk to participate in mental health counseling and treatment as directed by the probation office. He claims that the order gave the probation officer unconstitutional discretion.

When an issue was not raised before the district court, we review for plain error. *United States v. Heath*, 419 F.3d 1312, 1314 (11th Cir. 2005) (per curiam). Plain error exists if there was "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations and citation omitted). An error is only plain if it is clear under current law. *Id.* at 1315. To show that an error affected substantial rights, a defendant will almost always have to show that the error "affected the outcome of the district court proceedings." *Id.* (quotations omitted). A violation of Article III of the U.S.

2

Constitution seriously affects the "fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1316 (quotes omitted).

The U.S. Sentencing Guidelines Manual ("U.S.S.G.") allows a district court to require that a defendant "participate in a mental health program approved by the United States Probation Office."  U.S.S.G. § 5B1.3(d)(5) (2002).  In *Heath*, we held that leaving the decision of whether a defendant will participate in a mental health program to a probation officer is plain error.  419 F.3d at 1315.  The condition at issue in *Heath* stated: "The defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist to include residential treatment, outpatient treatment, and psychotropic medications as prescribed by a medical doctor."  *Id.* at 1314.  We determined in *Heath* that the error was plain because it was clear under then-current law.  *See id.* at 1315.  Our precedent, we noted, holds that delegating a judicial function violates Article III of the U.S. Constitution.  *See id.* (citing *United States v. Prouty*, 303 F.3d 1249, 1255 (11th Cir. 2002)); *see also United States v. Nash*, 438 F.3d 1302, 1304, 1306 (11th Cir. 2006) (per curiam) (holding that the district court committed plain error by imposing the following condition:  "As deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling, which may include inpatient treatment.").

3

*But cf. United States v. Zinn*, 321 F.3d 1084, 1086, 1092 (11th Cir. 2003) (holding it was *not* plain error to impose the following condition: "You shall participate as directed in a program of mental health treatment including a sexual offender treatment program approved by the probation officer.").

Here the district court stated to Faulk at sentencing: "[Y]ou will be required to participate in a program of mental health counseling and treatment as directed by the supervising U.S. Probation Officer." The district court further recommended that Faulk be "designated to an institution that has an affiliated mental health unit in order that he can receive mental health treatment." The language employed by the district court is similar to that upheld in *Zinn*, because it merely delegates to the probation officer the administrative supervision of Faulk's participation in the mental health program, not the ultimate decision of whether Faulk must participate in the program. *See Zinn*, 321 F.3d at 1092; *Heath*, 419 F.3d at 1315. On the other hand, the written judgment issued by the district court states: "*As deemed necessary by the Probation Officer*, the defendant shall participate in a program of mental health treatment." (emphasis added). This language is similar to the language in *Nash* that was found to be delegation of ultimate authority–and to constitute plain error. *See Nash*, 438 F.3d at 1306. We are thus presented with a situation where the district court's written judgment deviates from its oral sentence. "When the orally imposed sentence differs from the written order of judgment, the oral sentence controls." *United States v.*

4

*Ridgeway*, 319 F.3d 1313, 1315 (11th Cir. 2003) (per curiam).  Because the district court's oral sentence controls–and the special condition of supervised release described in that sentence is more similar to the condition upheld in *Zinn* than the conditions rejected in *Heath* and *Nash*–we hold that the district court did not commit plain error.  The phrasing the district court chose at the sentencing hearing, coupled with the judge's recommendation that Faulk serve his sentence where he could receive mental health treatment, sufficiently establishes that the district court intended to impose mental health treatment and simply left the discretion or administration of that treatment to the probation officer.  Accordingly, we affirm Faulk's sentence.

**AFFIRMED.**