**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4950**

─────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MICHAEL EUGENE MILLER,

    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:98-cr-00004-jpj-1)

─────────

Submitted:  July 9, 2009    Decided:  August 28, 2009

─────────

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Steven Randall Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Eugene Miller appeals the district court's judgment revoking his supervised release and sentencing him to eight months' imprisonment followed by a thirteen-month term of supervised release. On appeal, Miller does not contest the district court's decision to revoke his supervised release; rather, he challenges the special conditions imposed on the term of supervised release, arguing the court improperly delegated its authority to the probation officer and that the written judgment is inconsistent with the district court's oral pronouncement. We address each argument in turn.

The written judgment, in pertinent part, provided for the following special conditions:

While on supervised release, the defendant:

(3) Must participate in a program of testing and treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the officer;

(4) Must participate in a program of testing of mental health treatment as directed by the probation officer, until such time as the defendant is released from the program by the officer;

(5) Must allow the probation officer open communication with mental health and medical professionals to obtain information on defendant's condition.

2

This court generally reviews special conditions of supervised release for an abuse of discretion. United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003). To the extent the contested special condition was imposed by the court during its oral pronouncement at sentencing, because Miller did not object to the imposition of the special condition at that time, this court reviews for plain error. United States v. Rodriguez-Rodriguez, 441 F.3d 767, 772 (9th Cir. 2006). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of the plain error standard are met, this court may exercise its discretion to notice the error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted).

Miller first argues the district court improperly delegated a core judicial function to the probation officer in imposing special conditions #3 and #4. Probation officers serve under the discretion of the district court and are authorized to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). It is well established, however, that a

3

court may not delegate a judicial function to a probation officer, as such delegation would violate Article III of the United States Constitution. See id. at 808-09. Determination of whether a court has improperly delegated the judicial authority of sentencing is based on distinguishing between the delegation to a probation officer of "a ministerial act or support service" and the "ultimate responsibility" of imposing sentence. See United States v. Bernardine, 237 F.3d 1279, 1283 (11th Cir. 2001).

Specifically, Miller argues that special condition #4, that he "participate in a program of testing of mental health treatment as directed by the probation officer, until such time as the defendant is released from the program by the officer," improperly delegated to the probation officer decisions regarding the nature, quantity, and termination for mental health testing and treatment. Similarly, he argues that special condition #3 improperly delegates to the probation officer decisions regarding the nature, quantity, and termination of substance abuse treatment. We first consider whether the district court improperly delegated to the probation officer decisions regarding Miller's substance abuse and mental health treatment.

Requiring a defendant to participate in a drug or mental health treatment program as a condition of supervised

4

release is indisputably a judicial function. Delegating to the probation officer the authority to decide *whether* a defendant will participate in a treatment program is a violation of Article III. See United States v. Peterson, 248 F.3d 79, 85 (2d Cir. 2001) ("If [the defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer."); see also United States v. Pruden, 398 F.3d 241, 251 (3d Cir. 2005) (expressing agreement with Peterson); United States v. Allen, 312 F.3d 512, 515-16 (1st Cir. 2002) (same); United States v. Sines, 303 F.3d 793, 799 (7th Cir. 2002) ("[A] district court . . . must itself impose the actual condition requiring participation in a sex offender treatment program."); United States v. Kent, 209 F.3d 1073, 1079 (8th Cir. 2000) (finding "that the lower court improperly delegated a judicial function to [the defendant's] probation officer when it allowed the officer to determine whether [the defendant] would undergo counseling").

Courts, however, are also generally agreed that "where the court makes the determination of *whether* a defendant must abide by a condition, and how (or, when the condition involves a specific act such as drug testing, how many times) a defendant will be subjected to the condition, it is permissible to

delegate to the probation officer the details of where and when the condition will be satisfied." United States v. Stephens, 424 F.3d 876, 880 (9th Cir. 2005). Hence, conditions of supervised release that unequivocally impose a requirement on the defendant, but subject the defendant to the "approval" or "direction" of a probation officer are permissible. See United States v. Kerr, 472 F.3d 517, 523-24 (8th Cir. 2006) (finding no impermissible delegation to probation officer where the district court made no indication it was relinquishing final authority over defendant's treatment); United States v. Zinn, 321 F.3d 1084, 1092 (11th Cir. 2003) (finding no plain error in imposing condition that required defendant to participate as directed in a program of mental health treatment approved by the probation officer); see also U.S. Sentencing Guidelines Manual § 5D1.3(d)(5) (recommending, when district court believes defendant is in need of psychological or psychiatric treatment, a special condition requiring the defendant participate in a mental health program approved by the Probation Office); United States v. Nash, 438 F.3d 1302, 1306 (11th Cir. 2006) (finding improper delegation where court imposed condition of supervised release that stated, "as deemed necessary by the Probation Officer, the defendant shall participate in mental health counseling")(emphasis omitted)(internal citation omitted); United States v. Heath, 419 F.3d 1312, 1315 (11th Cir. 2005)

6

(finding plain error in imposition of condition that "defendant shall participate if and as directed by the probation office in such mental health programs as recommended by a psychiatrist or psychologist").

In this case, the special conditions at issue state in pertinent part that Miller must participate in a program of substance abuse and mental health treatment as directed by the probation officer. It is clear to us that the district court made the determination that Miller must participate in substance abuse and mental health treatment programs. We find the "directed by" language imposed upon the probation officer nothing more than an assignment of ministerial duties. Similarly, to the extent Miller challenges the unspecified nature of the treatment ordered and the subsequent language in the condition that states that Miller must receive treatment until "released from the program by the officer," this language is consistent with permissible delegation to the probation officer of the ministerial duty of ensuring the defendant's successful completion of a treatment program and subjecting the defendant to the administrative supervision of the probation officer. See United States v. Rearden, 349 F.3d 608, 619 (9th Cir. 2003) (finding delegating authority to probation officer to select type and extent of treatment for sex offender was not improper); Peterson, 248 F.3d at 85 (finding no impermissible

delegation where the district court intended nothing more than to delegate to the probation officer the details of the therapy, including selection of provider and schedule of treatment). We therefore find the district court did not commit plain error in imposing the special conditions requiring Miller to undergo substance abuse and mental health treatment programs as directed by the probation officer.

Miller also argues on appeal that the district court's written judgment was not consistent with its oral pronouncement with respect to the special conditions of supervised release. Specifically, Miller argues that, unlike the oral judgment, the written judgment (1) imposes the requirement that Miller allow the probation officer access to "open information" from Miller's mental health providers (special condition #5); (2) imposes a vague "testing" condition in addition to mental health treatment (special condition #4); and (3) includes the language "as directed by the probation officer . . . until released from the program by the officer" (special condition #3).

Under Fed. R. Crim. P. 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." A district court's unambiguous oral pronouncement at sentencing is not negated by a subsequent written judgment

that does not reflect the oral sentence. See Rakes v. United States, 309 F.2d 686, 687-88 (4th Cir. 1962) (addressing correction under Rule 35). A court "should carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing." United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965). It is normally the rule that, where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control. United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). The remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence. Morse, 344 F.2d at 30-31 & n.1; Rakes, 309 F.2d at 687-88.

At the conclusion of the hearing, the district court ordered that Miller "participate in a program of testing and treatment for substance abuse, and a program of mental health treatment as directed by the probation officer until he is released from the program by the officer." The written judgment, however, specifically requires as a special condition of supervised release that Miller participate "in a program of *testing* of mental health treatment as directed by the probation officer." (emphasis added). At face value, the written judgment potentially allows the probation officer to subject Miller to undesignated mental health testing. See United States v. White,

9

244 F.3d 1199, 1207 (10th Cir. 2001) (remanding to district court where special condition in written judgment, unlike oral pronouncement, subjected defendant to potential physiological testing as approved by the probation office); see also United States v. Bonanno, 146 F.3d 502, 511 (7th Cir. 1998) (requiring district court to direct the specific number of drug tests to which the defendants would be subject while on supervised release). The Government appears to argue, by adding a "[sic]" notation after the words "of testing", that the error was clerical in the written judgment. In any event, there is no factual basis in the transcript from which one can deduce that the district court intended to allow the probation officer to subject the defendant to undesignated mental health testing. We therefore vacate the judgment and remand the case to the district court for the district court to correct this condition of supervised release to conform to the oral pronouncement.

As to the remaining two conditions challenged by Miller, we find no relief is warranted. With respect to the language in special condition #3, *i.e.*, "as directed by the probation officer," as discussed above, such language does not constitute an improper delegation of judicial authority to the probation officer. Furthermore, the language is entirely consistent with the district court's oral pronouncement as the written judgment reflects that the court intended the probation

10

officer direct both Miller's participation in testing and treatment for substance abuse and a program of mental health treatment. Although Miller correctly points out that the condition that he allow his probation officer to have open communication with mental health and medical professionals to obtain information on Miller's condition was not specifically stated at sentencing, such information is implicitly necessary for the probation officer to evaluate Miller's progress and therefore the written judgment is "simply a more specific rendering of the pronouncement at the hearing." United States v. Sines, 303 F.3d 793, 799 (7th Cir. 2002).

Accordingly, we vacate and remand Miller's sentence for the district court to correct its written judgment to conform to its oral pronouncement with regard to mental health testing, leaving the remaining conditions undisturbed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

11