NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0875n.06

Nos. 12-1141, 12-1143

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | ***Aug 09, 2012*** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| ROBERT LEE MOSHER, | ) | DISTRICT OF MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) |  |
| _____ | ) |  |

Before:  BOGGS and WHITE, Circuit Judges; and BLACK, District Judge[*].

**TIMOTHY S. BLACK, District Judge.**   Defendant-Appellant Robert Lee Mosher

("Mosher") appeals an order of the district court revoking supervised release, imposing sentence, and

setting special conditions of supervised release.  Mosher asserts that the district court abused its

discretion in finding that he violated the terms of his supervised release by failing to cooperate with

the Internal Revenue Service ("IRS") and by failing to prepare amended tax returns.  Mosher also

argues that the district court's imposition of an eleven-month sentence is unreasonable.  Finally,

Mosher contends that the district court unconstitutionally delegated to the United States probation

officer the authority to determine whether Mosher should undergo mental-health treatment as a

condition of supervised release.  For the reasons below, we **AFFIRM** the district court's order.

---

[*] The Honorable Timothy S. Black, District Judge, United States District Court, Southern District of Ohio, sitting by designation.

# I. BACKGROUND

This appeal arises from two cases. In the first case, a jury convicted Mosher on fourteen counts of criminal contempt, violations of 18 U.S.C. § 401(3), after Mosher failed to obey orders of the district court enjoining him from giving tax advice, providing tax services for compensation, and acting as an income tax preparer. (Case No. 1:07-cr-67, R. 59). In the second case, Mosher pled guilty to obstructing and impeding the IRS in the lawful administration of its function, a violation of 26 U.S.C. § 7212(a), and tax evasion, a violation of 26 U.S.C. § 7201. (Case No. 1:07-cr-86, R. 34). The district court consolidated sentencing and sentenced Mosher to fifty-one months on each criminal contempt conviction and thirty-one months each for obstruction and tax evasion, all running concurrently, and ordered Mosher to pay $75,633 in restitution (unpaid federal taxes) and a $1,600 special assessment. (Case No. 1:07-cr-67, R. 64).

In addition to the term of imprisonment, the district court imposed a three-year term of supervised release on each count, all running concurrently, and imposed the following special conditions of supervised release:

3.  The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his/her ability as determined by the probation officer.

4.  The defendant shall cooperate with IRS official to satisfy past due taxes and penalties, and file correct amended income tax returns for years 2001 through 2006 within 90 days of sentencing.

(*Id.*) Mosher was released from his term of incarceration and commenced his term of supervised release on May 26, 2011. (Case No. 1:07-cr-67, R. 102).

On December 21, 2011, Mosher's probation officer filed a petition recommending that the court revoke Mosher's term of supervised release. (*Id.*) In the petition, Mosher's probation officer

alleged that Mosher failed to make payments toward his $75,633 restitution obligation or toward his $1,600 special assessment obligation. (*Id*.) In addition, Mosher's probation officer alleged that Mosher "failed to cooperate with IRS officials and/or has failed to file any corrected/amended income tax returns for tax years 2001 through 2006, while incarcerated in the [Bureau of Prisons] and since his release to supervision on May 26, 2011." (*Id*.)

On January 23, 2012, the district court held a hearing regarding the alleged supervised release violations. (Case No. 1:07-cr-67, R. 116). During the hearing, Mosher acknowledged his failure to file amended or corrected income tax returns. (*Id*. at 78). In his defense, Mosher argued that the IRS failed to return fifty-two boxes of documents seized from his residence that he argued were necessary to prepare the amended or corrected income tax returns. (*Id*. at 79).

The evidence presented during the hearing demonstrated that, in January 2008, Mosher wrote a letter to the IRS, that Mosher construed as a request for the return of tax documents previously seized by the government. (*Id*. at 47-48).[1] Mosher claimed that he never received a response to his January 2008 letter from the IRS,[2] and he made no follow-up request or other attempt to obtain the documents. (*Id*. at 49, 67). In addition to the January 2008 letter, Mosher sent a number of other letters to the IRS questioning his tax obligations and questioning the authority of the IRS. (*Id*. at 20-

---

[1] Mosher's January 2008 letter states that he has "been accused of evading $75,633 in income taxes[,]" and that he has "no records to dispute or accept this." Mosher then wrote that he "would like to go over this and come to some agreement on this outstanding debt."

[2] During sentencing, the Government read a letter sent by the IRS to Mosher's residential address dated December 30, 2008. (*Id*. at 100-01). The letter was addressed to Mr. and Mrs. Mosher. (*Id*.) That letter represented an attempt to return the documents seized from Mosher's residence "during the search warrant executed on the premises in 2003" and notified the Moshers that, absent a response from them, the IRS would "deal with them accordingly," including destruction of the documents. (*Id*.)

23, 49-51, 68-75, 77-78). Mosher also filed documents in the district court questioning the district court's authority. (*Id.* at 23-31).

At the conclusion of the supervised release hearing, the district court found Mosher not guilty of failing to make payments toward his obligations but found Mosher guilty of failing to cooperate with the IRS and failing to file corrected amended income tax returns. (*Id.* at 95-99). Although the district court acknowledged Mosher's January 2008 correspondence, the district court nevertheless found Mosher's lack of any subsequent follow-up request for the return of tax documents more significant and consistent with his overall attitude of attempting to place the onus on others in an effort to avoid his obligations. (*Id.*).[3]

As a result of Mosher's supervised release violations, the district court revoked Mosher's supervised release, sentenced him to eleven months in prison, and imposed a term of supervised release with the same conditions imposed at the time of his original sentence. (Case No. 1:07-cr-67, R. 110). Mosher now appeals the district court's judgment.

## II. ANALYSIS

Mosher makes three arguments on appeal. First, Mosher argues that the district court abused its discretion in revoking supervised release because Mosher attempted to recover documents from the IRS needed to complete amended income tax returns. Second, for the same reason asserted in support of his first argument, Mosher argues that the district court abused its discretion in sentencing him to the maximum sentence within the recommended guideline range. Finally, Mosher argues that the district court improperly delegated certain authority to his probation officer with regard to his mental-health treatment while on supervised release.

---

[3] The district court stated: "[t]his is emblematic of Mr. Mosher's approach to his supervised release, that is obfuscates and deflect, ask a question . . . or make a statement and put the onus on the government official to say that you're wrong and, in essence, hope for the best."

**A.    WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S SUPERVISED RELEASE**

District courts may revoke a term of supervised release pursuant to 18 U.S.C. § 3583(e)(3). Absent an abuse of discretion, a district court's revocation of supervised release will be affirmed on appeal. *United States v. Kirby*, 418 F.3d 621, 625 (6th Cir. 2005). An abuse of discretion exists where this court finds "a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991) (citations omitted).

Mosher never disputed his failure to file amended returns at anytime, and, instead, argued that his noncompliance should be excused because, despite his request, the IRS failed to return documents he allegedly needed to prepare amended returns. While the district court recognized the fact that Mosher "wrote a letter back in 2008," it found Mosher's lack of any follow-up attempt to recover these allegedly critical documents for approximately four years after his initial request more significant.

The fact that Mosher made one request for the return of documents and, instead of following up or otherwise attempting to prepare amended returns, continued to wait for a response approximately four years later supports the district court's conclusion that Mosher simply sought to evade his responsibility. In addition, the numerous letters sent by Mosher to the IRS questioning its authority and his tax liability, as well as documents filed with the district court questioning its authority, further evidenced Mosher's lack of intent to comply with the conditions of supervised release.

In light of the foregoing, the district court did not abuse its discretion.

**B.      WHETHER THE SENTENCE IS SUBSTANTIVELY REASONABLE**

In revoking supervised release, a district court can require that a defendant serve a term of imprisonment. 18 U.S.C. § 3583(e)(3). This court reviews sentences imposed upon revocation of supervised release using a deferential abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). This deferential standard is comprised of two parts: procedural soundness and substantive reasonableness. *Id*. at 578. (citing *Gall v. United States*, 522 U.S. 38, 128 S. Ct. 586 (2007)).

Mosher contests only the substantive reasonableness of the sentence imposed by the district court. A sentence is substantively reasonable unless "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (quoting *United States v. Lapsins*, 570 F.3d 758 (6th Cir. 2009) (internal quotation marks and citation omitted). A presumption of substantive reasonableness applies to sentences falling within the advisory guideline range. *Bolds*, 511 F.3d at 581.

Mosher acknowledges that the sentence imposed is presumptively reasonable because it falls within the advisory guideline range. Mosher argues, however, that the district court abused its discretion in sentencing him to the high-end of the advisory guideline range because the government bears some fault for his noncompliance by not returning seized tax records. As set forth above, the district court appropriately found Mosher's lack of diligence in attempting to obtain the allegedly critical documents more significant than his single purported request for the return of those documents. The district court also appropriately concluded that this lack of diligence, and Mosher's attempt to place the burden on the government, further evidenced an attempt to evade his responsibilities.

In addition, in imposing sentence, the district court considered Mosher's conduct of sending numerous letters to government officials questioning his tax liability, the IRS's authority, and the district court's authority, and concluded that such conduct evidenced that "Mosher has no intention of complying with the terms of supervised release." (Case No. 1:07-cr-67, R. 116 at 105-06). As a result, the district court concluded that an eleven-month sentence was necessary to "send the signal to Mr. Mosher that the Court expects . . . compliance." (*Id.*) A review of the record supports the district court's conclusion in this regard.

Imposing an eleven-month term of imprisonment to deter Mosher from further violating the terms of supervised release and to compel Mosher's compliance was substantively reasonable under the circumstances present in this case. Accordingly, Mosher's argument attacking the substantive reasonableness of the district court's sentence is unavailing.

### C. WHETHER THE DISTRICT COURT PROPERLY DELEGATED TASKS TO THE PROBATION OFFICER

Finally, Mosher argues that the district court erred by delegating to his probation officer certain authority over his mental-health treatment in violation of 18 U.S.C. § 3583. Specifically, the district court ordered that Mosher "shall participate in a program of mental health treatment, as directed by the probation officer, until such time as defendant is released from the program by the probation officer[.]" (Case No. 1:07-cr-67, R. 110). Mosher contends, for the first time on appeal, that this condition of supervised release improperly delegates the authority to decide whether Mosher should undergo mental-health treatment at all.

Because Mosher failed to object to this special condition of supervised release at the time of sentencing, we review his argument under a plain-error standard. *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001); *United States v. Brandenburg*, 157 F. App'x 875, 878 (6th Cir. 2005); *see*

*also* Fed. R. Crim. P. 52(b) (stating that "[a] plain error that affects substantial rights may be considered though it was not brought to the court's attention"). Plain-error review provides "recourse . . . only on appeal from a trial infected with error so 'plain' the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163, 102 S. Ct. 1584 (1982).

> To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998) (citing *Johnson v. United States*, 520 U.S. 461, 117 S. Ct. 1544 (1997); *United States v. Thomas*, 11 F.3d 620, 629-30 (6th Cir. 1993)).

This court has not addressed whether a district court may properly delegate certain tasks to a probation officer in the context of mental-health treatment.[4] Other circuit courts considering the issue have concluded that the district court cannot delegate the decision whether a defendant should undergo treatment, but can delegate treatment details, such as selecting the appropriate treatment program[5] and implementing a treatment schedule. *See United States v. Peterson*, 248 F.3d 79, 85

---

[4] This court has upheld the delegation of certain tasks to a probation officer in a different context. *See Weinberger v. United States*, 268 F.3d 346, 359-60 (6th Cir. 2001) (concluding that, where the district court orders restitution and sets the restitution amount owed under the Inmate Financial Responsibility Act ("IFRP"), it may properly delegate the setting of restitution payment schedules); *see also United States v. Gray*, No. 95-1832, 1997 WL 413663, at *4 (6th Cir. July 17, 1997); *but see United States v. Davis*, 306 F.3d 398, 425-26 (6th Cir. 2002) (concluding that delegating the task of setting a restitution payment schedule is improper under the Mandatory Victims Restitution Act of 1996 ("MVRA") because "the MVRA expressly states that 'the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid'").

[5] Section 5D1.3 of the United States Sentencing Guidelines provides that, as a special condition of supervised release, the district court may impose "a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office." U.S.S.G. § 5D1.3(d)(5).

(2nd Cir. 2001);[6] *United States v. Allen*, 312 F.3d 512, 515-16 (1st Cir. 2002) (upholding the identical special condition at issue in this case because the record there demonstrated that the district court "was merely directing the probation officer to perform ministerial support services and was not giving the officer the power to determine whether [defendant] had to attend psychiatric counseling"); *United States v. Miller*, 341 F. App'x 931, 933-35 (4th Cir. 2009) (concluding that the district court did not commit plain error in ordering, as a special condition of supervised release, that defendant participate in a mental-health treatment program "as directed by the probation officer until he is released from the program by the officer").

In this case, Mosher apparently argues that the "as directed by the probation officer" language delegates the authority to determine whether Mosher must attend treatment in the first instance. Such an interpretation ignores the specific language ordering that Mosher "shall participate in a program of mental health treatment[.]" (Case No. 1:07-cr-67, R. 110). Other courts construe the "as directed by the probation officer" language as merely delegating ministerial duties and construe the "until such time as defendant is released from the program by the probation officer" language as delegating only "the ministerial duty of ensuring the defendant's successful completion of a treatment program and subjecting the defendant to the administrative supervision of the probation officer." *Miller*, 341 F. App'x at 934 (citations omitted).

Regardless of whether imposing the special condition amounts to error, because this court has not specifically considered the issue presented, "any error in the district court would not have

---

[6] In *Peterson*, the special condition at issue read that "defendant is to enroll, attend and participate in mental-health intervention specifically designed for the treatment of sexual predators as directed by the U.S. Probation Office." *Peterson*, 248 F.3d at 81. The special condition did not state that "defendant shall enroll." *Id*. The court in *Peterson* vacated the sentence and remanded to the district court for re-sentencing because the condition, as written, was ambiguous and could be read to leave "defendant's participation in therapy to the discretion of the probation officer[.]" *Peterson*, 248 F.3d at 85.

been 'clear' or 'unequivocal.'" *United States v. Melton*, 233 F. App'x 545, 547 (6th Cir. 2007) (citing *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770 (1993) (stating that a "court of appeals cannot correct an error . . . unless the error is clear under current law"). Recently, one circuit court declined to address whether a district "court improperly delegated the discretion to decide whether [defendant] will be subjected to a residential rehabilitation program" because the "argument raise[d] a question of first impression for [the court] which would be inappropriate under plain error review." *United States v. Accardi*, 669 F.3d 340, 348 (D.C. Cir. 2012).

Because any error in the district court was not clear under current law in this circuit, and was proper pursuant to case law in other circuits, no plain error exists.

The district court's judgment is affirmed.