RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 12a0418p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

        *v.*

SOLOMON JULIUS CARPENTER,

        *Defendant-Appellant.*

No. 11-2571

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:11-cr-24-1—Robert Holmes Bell, District Judge.

Decided and Filed: December 26, 2012

Before: MARTIN, SILER, and DONALD, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Mark V. Courtade, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge. Defendant Solomon Julius Carpenter was sentenced to a thirteen-month prison term followed by a two-year term of supervised release for failing to appear for sentencing in violation of 18 U.S.C. § 3146(a)(1). One of the conditions of his supervised release requires him to participate in a program of both drug testing and treatment, as directed by his probation officer. Carpenter contends that this condition is an impermissible delegation of judicial authority. We conclude that the condition was proper and **AFFIRM** Carpenter's sentence.

1

I.

Carpenter pled guilty to the charge of failing to appear for sentencing in violation of 18 U.S.C. § 3146(a)(1). The district court sentenced him to thirteen months' imprisonment and two years of supervised release. At the sentencing hearing, the court did not orally pronounce the conditions of supervision, and Carpenter's counsel raised no objection to the imposed sentence. On the same day, in a written judgment, the district court outlined the conditions of supervised release. Special Condition Number 1 provides:

> The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay a portion of the cost according to his ability, as determined by the probation officer.

Carpenter challenges the imposition of this special condition.

II.

The United States urges us to apply a plain error standard because Carpenter did not object to Special Condition Number 1 at his sentencing hearing. *See* Fed. R. Crim. P. 52(b); *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010).[1] Carpenter disagrees, arguing that plain error review should not apply because he had no opportunity at the hearing to object because the drug treatment condition was not mentioned. Federal Rule of Criminal Procedure 51(b) provides that "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." *See United States v. Sepulveda-Contreras*, 466 F.3d 166, 172 (1st Cir. 2006) (declining to apply a plain error standard of review because the defendant had no opportunity to object to a condition first appearing in the written judgment). Therefore, we find that Carpenter was not given an opportunity to object to the drug treatment condition and decline to apply a plain error standard of review. In

---

[1]To satisfy the plain error standard, Carpenter must show (1) error, (2) that was obvious or clear, (3) affected his substantial rights, and (4) affected the fairness, integrity, or public reputation of his judicial proceedings. *Gunter*, 620 F.3d at 645.

lieu of reviewing this case for an abuse of discretion, *see United States v. Inman*, 666 F.3d 1001, 1004 (6th Cir. 2012), we apply a de novo standard of review because Carpenter has alleged a constitutional and statutory error, *see United States v. Wagner*, 382 F.3d 598, 606-07 (6th Cir. 2004); *United States v. Perez-Olalde*, 328 F.3d 222, 224 (6th Cir. 2003).

III.

Carpenter asks that we determine what decisions regarding drug testing and drug treatment may be delegated by the district court to a probation officer.   In an analogous case, we answered this question.  *See United States v. Logins*, No. 11-2514, 2012 U.S. App. LEXIS 22299, at \*1, \*3-4 (6th Cir. Oct. 26, 2012) (unpublished).  Logins appealed a special condition identical to the one issued to Carpenter:

> The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

*Logins*, 2012 U.S. App. LEXIS 22299, at \*3-4.  Upon review, we approved this special condition and held that

> when imposing a special condition of drug treatment under U.S.S.G. § 5D1.3(d)(4), the district court need only decide whether such treatment is required.  Decisions such as which program to select and how long it will last can be left to the discernment of the probation officer. Furthermore, the details of the treatment, including how often and how many drug tests will be performed, can be left to the expertise of the professionals running the program.

*Id*. at \*18 (footnote and citation omitted).  We apply our holding in *Logins* to the facts of the instant case.

Carpenter wrongly contends that Special Condition Number 1 gave the probation officer the authority to determine whether a drug treatment program would be imposed, and that the district court impermissibly delegated its authority to the probation officer to determine how many drug tests would be required.  The condition clearly specifies

that Carpenter *shall* participate in a drug treatment program as a condition of his supervised release. The "as directed by the probation officer" language does not yield to the probation officer authority to determine whether Carpenter must participate in a treatment program because the district court decided that Carpenter "shall participate." *See Logins*, 2012 U.S. App. LEXIS 22299, at *21; *United States v. Mosher*, Nos. 12-1141, 12-1143, 2012 U.S. App. LEXIS 16813, at *13-17 (6th Cir. Aug. 9, 2012) (unpublished) (applying similar reasoning to a condition concerning mental health treatment); *United States v. Faulk*, 181 F. App'x 882, 883-84 (11th Cir. 2006) (unpublished) (holding that it was not plain error to impose the following condition: "[Y]ou will be required to participate in a program of mental health counseling and treatment as directed by the supervising U.S. Probation Officer."); *United States v. Zinn*, 321 F.3d 1084, 1086, 1089 n.5 (11th Cir. 2003) (holding that it was not plain error to impose the following condition: "You shall participate in a program of mental health treatment including a sexual offender treatment program approved by the probation officer."). Thus, there was no delegation of Article III judicial power regarding the primary decision of whether Carpenter would undergo treatment and whether the treatment would include drug testing.

That leaves the subordinate, statutory issue of whether the district court erred in failing to specify the number of in-treatment drug tests. In their arguments, the parties conflate the requirement imposed upon the district court for specifying the maximum number of *non-treatment* drug tests, *see* USSG § 5D1.3(a)(4), as compared to *in-treatment* drug tests, *see* USSG § 5D1.3(d). Here, the district court complied with its responsibility under the Guidelines. *See Logins*, 2012 U.S. App. LEXIS 22299, at *14. Congress has not required that the courts set a maximum number of in-treatment tests where the court imposes a special condition for non-mandatory substance abuse testing under USSG § 5D1.3(d). *See, e.g., United States v. Melendez-Santana*, 353 F.3d 93, 103 (1st Cir. 2003). The requirement of 18 U.S.C. § 3563(b)(9), incorporated by reference into § 3583(d), that the drug treatment be specified "*by the court*," does not require the district court itself to specify the details of the treatment. *Logins*, 2012 U.S. App. LEXIS 22299, at *18; *see United States v. Stephens* 424 F.3d 876, 883 (9th Cir. 2005);

*Melendez-Santana*, 353 F.3d at 101-02.  As stated in *Logins*, for substance abuse treatment and testing under USSG § 5D1.3(d), "the district court need only decide whether treatment is required."  *Logins*, 2012 U.S. App. LEXIS 22299, at \*16.  The district court did not improperly eschew its responsibility to impose the conditions of supervised release merely by allowing the drug treatment professionals to design the course of treatment, where the court has specifically required that the treatment include testing.  Congress differentiated between drug testing conducted as a mandatory condition of supervised release and drug testing performed in the course of a special condition of drug treatment.  Only for the former case must the district court specify the maximum number of drug tests.  The frequency of treatment program testing is a question for the professionals administering the program to determine in the performance of their ordinary treatment functions.  *Logins*, 2012 U.S. App. LEXIS 22299, at \*18.

Here, the district court imposed drug testing in connection with a special condition of substance abuse program participation, and was therefore not required to specify the number of drug tests Carpenter must undergo as a part of the treatment program.  Furthermore, the court did not impermissibly delegate its authority to the probation officer.

AFFIRMED.