# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JARRE JERONCE RHODES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-214-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Jarre Jeronce Rhodes appeals following his conviction for possession of a firearm by a felon. Rhodes challenges the district court's imposition of a special condition of supervised release providing that he "shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged." He argues that, as written, the special condition gives the probation officer the authority to determine whether he will

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

participate in mental health treatment and when he is to be discharged from such treatment.  Although the district court orally pronounced this condition at the sentencing hearing, Rhodes did not object.  Accordingly, our review is limited to plain error.  *See United States v. Prieto*, 801 F.3d 547, 549 (5th Cir. 2015).  To demonstrate plain error, a defendant must show an error that is clear or obvious, rather than subject to reasonable dispute, and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the defendant makes such a showing, this court has the discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

"While a district court may properly delegate to a probation officer decisions as to the details of a condition of supervised release[,] . . . a court impermissibly delegates judicial authority when it gives a probation officer authority to decide whether a defendant will participate in a treatment program."  *United States v. Franklin*, 838 F.3d 564, 567-68 (5th Cir. 2016) (internal quotation marks and citation omitted).

Although we have not addressed whether a condition like the one at issue here is improper, other circuits have concluded that a condition that unequivocally imposes a requirement on the defendant subject to a probation officer's approval or direction is permissible.  *See United States v. Miller*, 341 F. App'x 931, 933 (4th Cir. 2009) (collecting cases).  Thus, a condition stating that the defendant "must" participate in a treatment program as directed by the probation officer and until released from the program by the probation officer was not improper.  *Id.*; *see also United States v. Kerr*, 472 F.3d 517, 523-24 (8th Cir. 2006) (holding that a condition that a defendant "shall participate" in mental health treatment as directed by the probation officer did not constitute an improper delegation).

No. 16-10572

Given the foregoing, we conclude that if there was error, it was not clear or obvious. *See, e.g., United States v. Salinas,* 480 F.3d 750, 759 (5th Cir. 2007). Accordingly, the judgment of the district court is AFFIRMED.