# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2022

Lyle W. Cayce
Clerk

No. 21-10536
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ISIDRO JIMMY LOYA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-77-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Isidro Jimmy Loya pleaded guilty to possession with intent to distribute 50 grams and more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The district court sentenced Loya to 121 months of imprisonment. The court also imposed a five-year term of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10536

supervised release and ordered, among other conditions, special conditions requiring him to "participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged" and to "participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use."

Loya argues that the district court erred in imposing the mental health treatment condition because—although he admits to having a history of depression and suicide attempts—he does not currently have thoughts of suicide and is coping with his depression, and he questions whether he will need such treatment when he is released from confinement in 8 to 10 years. Additionally, Loya argues that the requirement that he participate in outpatient mental health treatment and substance abuse treatment "as directed" or "as approved" by his probation officer constitutes an impermissible delegation of judicial authority. He concedes that he did not raise these issues before the district court and that review is for plain error. *See United States v. Huerta*, 994 F.3d 711, 715 (5th Cir. 2021).

The mental health treatment condition is reasonably related to Loya's personal history and characteristics as detailed in the presentence report adopted by the district court. *See* 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3583(d)(1). Loya has therefore failed to show error, plain or otherwise, in the district court's imposition of the special condition of supervised release. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Though Loya posits that he may not need mental health treatment when he is released from prison in 8 to 10 years, if that turns out to be the case, he may seek a modification of the challenged condition under § 3583(e)(2) and a hearing under Federal Rule of Criminal Procedure 32.1(c) any time before the expiration of his term of supervised release.

No. 21-10536

This court has repeatedly upheld, in unpublished cases, the language of the mental health and substance abuse treatment conditions ordered in Loya's case against challenges that they constituted impermissible delegations of judicial authority. *See, e.g.*, *United States v. Dixon*, 724 F. App'x 334, 336 (5th Cir. 2018); *United States v. Grigsby*, 752 F. App'x 180, 182 (5th Cir. 2019); *United States v. Rhodes*, 694 F. App'x 259, 260 (5th Cir. 2017). Moreover, the lack of binding precedent supporting Loya's argument means that he cannot prevail on plain error review. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.