RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KEITA JERROD HAYDEN,

*Defendant-Appellant.*

No. 23-5571

─────────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:06-cr-00187-1—Danny C. Reeves, Chief District Judge.

Decided and Filed:  May 20, 2024

Before:  BATCHELDER, THAPAR, and MATHIS, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Valarie Linnen, Chippewa Lake, Michigan, for Appellant.  Charles P. Wisdom, Jr., John Patrick Grant, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

─────────────────

## OPINION

─────────────────

ALICE M. BATCHELDER, Circuit Judge.  For violating the terms of his supervised release a second time, the district court imposed upon Keita Jerrod Hayden a seven-month term of incarceration followed by an eight-year term of supervised release.  The district court imposed mandatory and standard supervised-release conditions by reference and imposed special conditions by orally pronouncing them at Hayden's sentencing.  Hayden challenges his supervised-release term on two grounds: first, that it is longer than his statute of conviction allows, and second, that the district court violated his right to be present at sentencing by

imposing the mandatory and standard conditions by reference. Because the district court did not exceed the statutory-maximum term of supervised release and because it did provide Hayden with sufficient notice of the conditions to satisfy due process, we affirm the judgment.

**I.**

Seventeen years ago, Hayden pleaded guilty to violating 21 U.S.C. § 841, which in relevant part criminalizes knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture containing cocaine base. Hayden possessed thirty-nine grams. Because he possessed more than twenty-eight grams of a mixture containing cocaine base—and because he had a prior felony conviction for his possessing a controlled substance (cocaine base)—federal law subjected him to the enhanced penalties listed in 21 U.S.C. § 841(b)(1)(B) for second-time offenders: a ten-year mandatory-minimum prison sentence and a supervised-release term of at least eight years. The district court sentenced him to the minimum sentence of ten years of imprisonment followed by eight years of supervised release. Its judgment imposed thirteen standard supervised-release conditions and two special conditions that prohibited Hayden from consuming alcohol and subjected him to periodic drug and alcohol testing. Hayden served his ten-year prison term and began his supervised release in 2017.

Hayden first violated the terms of his supervised release that same year. Kentucky police arrested him for driving while under the influence of alcohol, a crime for which he was convicted. The district court sentenced Hayden to seven months of imprisonment, to be followed by an eight-year supervised-release term with the same conditions as before. Hayden was released to begin his term of supervised release in August of 2018.

Not quite three years later, Hayden's probation officer learned from Hayden that he was arrested and charged with being intoxicated in a public place. Hayden was present outside a gentleman's club at a fight to which local police responded. After breaking up the fight, the local police saw Hayden fall out of the driver's seat of his parked car. The officers noticed Hayden's bloodshot eyes, slurred speech, and the strong odor of alcohol on his breath. His arrest led his probation officer to submit a report listing the two ways in which Hayden violated his

supervised-release conditions: he committed a state crime (alcohol intoxication in a public place) and he failed to abstain from alcohol.

The district court held a hearing to determine whether Hayden violated the conditions of his supervised release. It determined that the police report describing Hayden's conduct was sufficiently reliable to establish that he violated his supervised-release conditions by committing another state crime and by consuming alcohol. Even if that evidence were not enough, Hayden's admitting to his probation officer that he consumed alcohol would be enough for the district court to find that he violated his supervised-release terms.

The district court then considered the appropriate sentence. It noted that it would base Hayden's sentence on treating his violations as a breach of the district court's trust. *See* U.S.S.G. ch. 7, pt. A, 3(b) (describing choice between punishing supervised-release violation as breach of trust or punishing it as violative conduct itself). It observed that even though Hayden's conduct did not involve violence, theft, or controlled substance use, his falling out of his vehicle indicated that he could have driven away from the scene while intoxicated. And so the need to deter Hayden from future violations—and to provide him effective treatment options—counseled for a sentence of twenty-one months' imprisonment, consecutive to any state-court sentence Hayden may serve arising from his violation conduct, followed by eight years' supervised release.

In its explanation of Hayden's supervised-release term, the district court reimposed the mandatory and standard conditions by reference. It also imposed several special conditions, which it announced orally, on the record, at the hearing. These conditions include that Hayden: abstain from the use of alcohol; participate in a substance-abuse-treatment program; participate in urinalysis testing; and submit to searches conducted by the United States Probation Office to ensure that Hayden is complying with the conditions of his supervised release. The district court then asked whether the government or defense counsel had any objections to its sentence or wanted to ask it to make additional factual findings. Both counsel stated that they had no objections and needed no additional findings.

Hayden appeals the district court's judgment, contesting the length and conditions of his supervised-release term.

**II.**

A criminal defendant has the right—rooted in the Fifth Amendment's Due Process Clause—to be present at his sentencing. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam). Federal Rule of Criminal Procedure 43(a)(3) protects this right by providing that "the defendant must be present at . . . sentencing." Our precedent requiring oral sentencing recognizes that "[b]ecause criminal punishment affects the most fundamental human rights[,] sentencing should be conducted with the judge and defendant facing one another and not in secret." *United States v. Booker*, 994 F.3d 591, 600 (6th Cir. 2021) (quoting *United States v. Denny*, 653 F.3d 415, 421 (6th Cir. 2011)). This is why, if an oral sentence and a written sentence ever conflict, the oral sentence controls. *See id.*

Hayden alleges that, by incorporating the standard supervised-release conditions by reference, the district court violated his due-process right. In one prior case resolving challenges to supervised-release conditions on constitutional and statutory grounds, we applied de novo review because the defendant did not have an opportunity to object to the conditions. *United States v. Carpenter*, 702 F.3d 882, 884 (6th Cir. 2012). However, when a defendant had an opportunity to object but failed to raise a constitutional argument at the district court, we review for plain error. *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir. 2008). We do not decide whether Hayden missed his opportunity to raise his constitutional argument because his challenge fails under any standard of review.

Federal law divides supervised-release conditions into two types: mandatory or discretionary. 18 U.S.C. § 3583(d). Mandatory conditions are required by statute, such as Section 3583(d)'s requirement that defendants on supervised release not commit another federal, state, or local crime. *Id.* Discretionary supervised-release conditions are any additional conditions that the district court may choose to order. These discretionary conditions must relate to certain enumerated sentencing factors, involve "no greater deprivation of liberty than is reasonably necessary" for the purposes of sentencing, and be consistent with the U.S. Sentencing Commission's pertinent policy statements. *See id.* (cross-referencing sentencing factors to consider).

While federal statute divides supervised-release conditions into two categories, the U.S. Sentencing Guidelines Manual effectively divides them into three categories: (1) mandatory conditions required by statute; (2) standard conditions that are either (a) recommended in all cases, such as the suggested extensions of the mandatory conditions, (b) special conditions for specific circumstances such as any sex offense, or (c) additional special conditions such as a curfew appropriate on a case-by-case basis; and (3) other discretionary conditions[1] subject to the district court's satisfying Section 3583(d)'s requirements. U.S.S.G. § 5D1.3[2]; *see also United States v. Geddes*, 71 F.4th 1206, 1212–13 (10th Cir. 2023) (discussing categories of supervised-release conditions); *United States v. Mateo*, No. 20-13658, 2022 WL 248076, at \*5 (11th Cir. Jan. 26, 2022) (per curiam) (same).

This case requires us to specify which of the supervised-release conditions district courts must orally pronounce at sentencing. Consistently with our sister circuits, we determine that defendants' due-process rights are satisfied when the sentencing court incorporates the standard conditions by reference to language contained in a publicly available districtwide order, an individual defendant's presentence investigation report, or other document provided to the defendant before sentencing. But for special discretionary conditions not previously made available to a defendant, a district court must always orally pronounce them and explain its basis for imposing them, provided that its reasoning is not readily apparent from the record. Mandatory conditions can but need not be orally pronounced at sentencing, as district courts have no authority to depart from imposing them.

## III.

Hayden argues that the district court exceeded the five-year statutory maximum for his crime by imposing an eight-year term of supervised release upon him. He is wrong. Although Hayden is correct that 18 U.S.C. § 3583(b)(1) limits supervised-release terms for Class A felonies to a five-year maximum, he misses that section's carve-out, which explicitly states that

---

[1]For clarity, we will call these "special discretionary conditions" to differentiate them from standard conditions (which are also a type of discretionary condition).

[2]Many of the standard conditions listed in the U.S. Sentencing Guidelines Manual are suggested by 18 U.S.C. § 3563 as discretionary conditions.

the five-year maximum applies to Class A felonies "[e]xcept as otherwise provided." 18 U.S.C. § 3583(b)(1). And the crime to which Hayden pleaded guilty contains one such exception. It says that a person previously convicted of a felony drug offense who knowingly and intentionally possesses with the intent to distribute "28 grams or more of a mixture or substance . . . which contains cocaine base" shall be sentenced to "a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(B). More importantly, that sentence "shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment." *Id.* The statute sets no maximum term of supervised release for Hayden's offense. *See United States v. King*, 272 F.3d 366, 376 (6th Cir. 2001) (same analysis with respect to 21 U.S.C. § 841(b)(1)(C)).

Far from violating the law by imposing an eight-year term of supervised release, the district court properly followed it. This is because, upon revoking a term of supervised release, a district court "may" include another term of supervised release so long as that term does not exceed the length of supervised release "authorized by statute for the offense that resulted in the original term of supervised release" less any additional imprisonment ordered upon revocation. 18 U.S.C. § 3583(h). Since Hayden's original crime carried with it a supervised-release term of "at least 8 years"—without any maximum—his eight-year term of supervised release does not violate any statute. *See United States v. Edison*, No. 23-1473, 2024 WL 1550871, at *1 (6th Cir. Apr. 10, 2024) (observing that "subtracting from a limitless period of supervised release still leaves no limit").

**IV.**

Hayden otherwise challenges on due-process grounds any condition that the district court did not orally pronounce at sentencing. Although he lists example conditions that he thinks may involve greater deprivation of liberty than necessary, he does not state clearly why he thinks that is so. So we will address Hayden's supervised-release conditions categorically instead of individually.

To the extent Hayden challenges his mandatory conditions, we determine that the district court had no obligation to orally list them at sentencing. As the Tenth Circuit recently explained,

"every circuit to consider the issue has found that mandatory conditions of supervised release need not be pronounced." *Geddes*, 71 F.4th at 1216 (collecting cases from the First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, and D.C. Circuits). This is so for two reasons. First, the mandatory conditions are mandatory because they are required by statute. *See, e.g.*, § 3538(d). A statute provides notice sufficient to satisfy Hayden's due-process right because defendants "may be presumed to know the content of the law" as long as the statute is not "'so technical or obscure that it threatens to ensnare individuals engaged in apparently innocent conduct.'" *United States v. Anderson*, 605 F.3d 404, 412–13 (6th Cir. 2010) (quoting *United States v. Baker*, 197 F.3d 211, 219 (6th Cir. 1999)). Because the mandatory conditions listed on the standard judgment form are commonsense conditions such as not committing another federal, state, or local crime or possessing a controlled substance, the *Baker* exception does not apply here. So Hayden had appropriate notice of his mandatory supervised-release conditions merely because they are statutorily required. The second reason that the district court did not need to orally pronounce the mandatory conditions is that it had no discretion to depart from imposing them. *See Geddes*, 71 F.4th at 1216; *United States v. Rogers*, 961 F.3d 291, 296–97 (4th Cir. 2020). So Hayden's challenge to his mandatory conditions fails.

Hayden also challenges the standard conditions that the district court incorporated by reference. Hayden claims that because the standard conditions were never provided to him and are not publicly available, he had no opportunity to challenge them before receiving his written judgment and so was denied due process. As a factual matter, the U.S. District Court for the Eastern District of Kentucky does have a publicly available order listing the standard conditions.[3] General Order No. 22-08 (E.D. Ky. Aug. 15, 2022), https://www.kyed.uscourts.gov/sites/kyed/files/gen22-8.pdf. So Hayden's argument is not that he was denied notice, but that a district court violates a defendant's due-process right to be fully present at sentencing when it incorporates by reference standard yet discretionary supervised-release conditions.

We disagree. What we, Hayden, and the U.S. Sentencing Commission call "standard conditions" are indeed discretionary conditions. For this reason, the district court must alert

---

[3]The misstatement may come from Hayden's having different counsel on appeal than at his revocation hearing.

defendants orally at sentencing that it is imposing them. *Booker*, 994 F.3d at 598. But neither we nor any of our sister circuits have held that the only way a district court can impose standard conditions is by reading them aloud from the bench at sentencing. Instead, listing the standard conditions either in a districtwide general order or in the presentence investigation report and then adopting them by reference provides defendants with sufficient due process. Nearly every circuit agrees. *United States v. Tulloch*, 380 F.3d 8, 13–14 & n.8 (1st Cir. 2006) (per curiam) (deeming defendants "on constructive notice" for standard conditions); *Rogers*, 961 F.3d at 299 (Fourth Circuit allowing "pronouncement by incorporation"); *United States v. Diggles*, 957 F.3d 551, 561 (5th Cir. 2020) (en banc) (stating that "[a] standing order provides advance notice of possible conditions just as a PSR recommendation does"); *United States v. Bonanno*, 146 F.3d 502, 512 (7th Cir. 1998) (allowing incorporation by reference of standard conditions); *United States v. Drapeau*, 644 F.3d 646, 657 (8th Cir. 2011) (holding that "mechanical reference by the district court judge to each standard condition is not required"); *United States v. Montoya*, 82 F.4th 640, 651–52 (9th Cir. 2023) (en banc) (approving incorporation by reference of previously provided conditions); *Geddes*, 71 F.4th at 1215 (saying that conditions listed elsewhere can be incorporated by reference); *Mateo*, 2022 WL 248076, at *5–6 (approving of incorporation by reference); *United States v. Matthews*, 54 F.4th 1, 6 n.2 (D.C. Cir. 2022) (noting that for "conditions written out in advance of sentencing," district courts may orally incorporate them by reference); *see also United States v. Truscello*, 168 F.3d 61, 64 (2d Cir. 1999) (holding that "explicit reference to each and every standard condition of supervision is not essential to the defendant's right to be present at sentencing" because they are "basic administrative requirement[s] essential to the functioning of the supervised release system" (citation marks omitted) (alteration in original)).

Here, the district court incorporated by explicit oral reference the standard conditions. With Hayden's being represented by counsel, this provided him adequate notice to either object to the standard conditions or to ask the district court to clarify which conditions it imposed upon him. *See Drapeau*, 644 F.3d at 657. Because his counsel confirmed that he did not have any objections to the terms of supervised release, the imposition of the district's standard conditions did not violate Hayden's due-process right.

Finally, the district court followed an appropriate procedure in its imposing four special discretionary conditions upon Hayden during his supervised release.  The district court orally pronounced the special conditions in full during Hayden's sentencing hearing.  Hayden received full notice of these conditions and had adequate opportunity to challenge them if he so wished.

After reviewing the mandatory, standard discretionary, and special discretionary conditions of Hayden's supervised release, we determine that the district court afforded Hayden sufficient notice of all conditions.  Although mandatory conditions need not be announced, the district court incorporated by reference standard conditions contained in a publicly available order.  And the district court fully explained the special conditions that it was imposing, the reasons for which are readily apparent from the record.  So Hayden was fully present for his sentencing, fulfilling his due-process right.

**V.**

For the foregoing reasons, we AFFIRM the judgment of the district court.