**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12879
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SAMUEL ADAM BUCHANAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cr-00359-ACA-GMB-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Samuel Buchanan appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and the conditions of his supervised release. He argues that § 922(g)(1) is

unconstitutional as applied to him, and that the district court erred by imposing conditions of supervised release in the written judgment that were not orally pronounced at the sentencing hearing. After careful review, we affirm Buchanan's convictions, but we vacate the conditions of his supervised release and remand.

## I.

Buchanan pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). His plea agreement with the government included a provision titled, "Waiver of Right to Appeal and Post-Conviction Relief," in which Buchanan "waive[d] and g[a]ve up my right to appeal my conviction and/or sentence." He reserved the right to appeal any sentence in excess of the statutory maximum or the guideline range, as well as ineffective assistance of counsel.

The district court sentenced Buchanan to the statutory maximum term of ten years of imprisonment, at the low end of the otherwise applicable guideline range. The court informed Buchanan that, after his release, he would be placed on "supervised release for a period of three years." The court explained that, while on supervised release, he would be required to cooperate in the collection of DNA, to avoid drugs and to participate in substance abuse treatment, and to submit to reasonable warrantless searches. After Buchanan said he understood, the court replied, "Okay. I think that is it." When asked for objections, Buchanan objected to a factual issue but not to the conditions of his release.

After the hearing, the district court entered a written judgment containing a list of nineteen "standard conditions of supervised release," plus several "special conditions"—relating to DNA, drugs, and searches—referenced by the court at sentencing.

Buchanan appeals, making two arguments: (1) § 922(g)(1) is unconstitutional as applied to him; and (2) the district court violated his due-process rights by imposing discretionary conditions of supervised release in its written judgment without informing him of those conditions at sentencing.  The government responds that the first argument is foreclosed by circuit precedent, and that the second argument was waived by the appeal waiver in his plea agreement.  Still, the government concedes that the court erred by failing to orally pronounce at sentencing the discretionary conditions of Buchanan's supervised release.

## II.

Buchanan first contends that § 922(g) is unconstitutional as applied to him because there is no historical tradition of permanent disarmament for prior convictions.  As the government notes, though, we recently reaffirmed circuit precedent holding that felons are categorically disqualified from exercising their Second Amendment rights. *United States v. Dubois*, 139 F.4th 887, 893 (11th Cir. 2025) (citing *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010)).  Applying our prior-precedent rule, we must reject Buchanan's constitutional challenge to § 922(g). *See id.* at 892 ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by

the Supreme Court or by this court sitting *en banc*.") (quotation marks omitted).

### III.

Buchanan next argues that the district court violated his due-process rights by including in the written judgment, after sentencing, discretionary conditions of supervised release that it did not mention at sentencing. The government moves to dismiss this argument based on the appeal waiver.

In *Rodriguez*, we held that "due process principles generally require district courts to pronounce at the sentencing hearing discretionary, but not mandatory, conditions of supervised release." *United States v. Rodriguez*, 75 F.4th 1231, 1247 (11th Cir. 2023). A defendant must be given "an opportunity to be heard on the discretionary condition[s]." *Id.* at 1248. Courts may satisfy this requirement by referencing a written list of supervised-release conditions. *Id.* at 1247. But a court violates due process if it imposes a discretionary condition that it never identified at the sentencing hearing. *Id.* at 1248–49. When a court errs in this way, we will "vacate the conditions and remand for resentencing," so that the court "may, after giving [the defendant] an opportunity to be heard, reconsider whether to impose each of the discretionary conditions." *Id.* at 1249.

But remand is not required under *Rodriguez* if the defendant "had notice of the conditions of supervised release" at sentencing and an opportunity to object. *United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024) ("*Rodriguez* addressed only the situation where

the district court did not reference any conditions of supervised release during the sentencing hearing."). In *Hayden*, for example, the court informed the defendant he would be subject to the "mandatory and standard conditions adopted by the [c]ourt" in that district. *Id.* at 838. We said that was enough to afford the defendant the opportunity to object to the failure to describe the standard conditions in more detail, "which is all that due process requires." *Id.* We also concluded that the written judgment was consistent with the court's oral pronouncement that the defendant was required to comply with the standard conditions of supervised release in that district. *Id.* at 838–39.

In addition, as the government notes, we have held that a valid appeal waiver barred a defendant's due-process challenge based on facts like those in *Hayden*. *See United States v. Read*, 118 F.4th 1317, 1322 (11th Cir. 2024). In *Read*, as in *Hayden*, the sentencing court told the defendant he must comply with the "mandatory and standard conditions adopted by the [c]ourt" in that district and then explained those conditions in detail in the written judgment. *Id.* at 1322. Thus, we found "no discrepancy between the oral pronouncement and the written judgment." *Id.* Because the defendant's challenge was to "the sufficiency of the oral pronouncement," we held it was barred by the appeal waiver in his plea agreement as a challenge to his "sentence." *Id.* at 1322–23.

*Read* did not hold that a valid appeal waiver bars a due-process challenge to the conditions of supervised release in all cases, though. In concluding that the appeal in *Read* was waived, we

noted repeatedly that no "discrepancy" or "mismatch" had occurred between the written judgment and the oral pronouncement in that case. *See id.* at 1322–23. We also acknowledged that another circuit had found that an appeal waiver "did not bar a challenge to conditions contained in the judgment that the district court did not mention at sentencing," but we described the decision as "inapposite." *Id.* at 1322 (citing *United States v. Singletary*, 984 F.3d 341, 343, 345 (4th Cir. 2021)). And we left open how an appeal waiver might apply when, as here, the written judgment conflicts with, rather than elaborates on, the oral pronouncement. *See id.* at 1323 ("Because Read does not seek correction of the written judgment, we need not and do not decide whether the written judgment or the oral pronouncement is the sentence.").

The facts here are more like *Rodriguez* than they are like *Hayden* or *Read*. In informing Buchanan of his supervised release and its conditions, the court described only the conditions that later appeared as "special conditions" in the judgment, without mentioning the possibility of other conditions. So unlike in *Hayden* or *Read*, the court did not reference or otherwise identify the standard conditions contained in the written judgment. Instead, this case is more like *Rodriguez*, where the court "did not reference any conditions of supervised release during the sentencing hearing." *Hayden*, 119 F.4th at 838; *see Rodriguez*, 75 F.4th at 1240. As in *Rodriguez*, the court here issued a judgment after the sentencing hearing that added discretionary conditions of supervised release that the court never mentioned during the hearing. *See Rodriguez*, 75 F.4th at 1248–49.

For these reasons, we cannot say that this appeal is subject to dismissal based on the appeal waiver for the same reasons as *Read*. And the government has not supported its request for dismissal beyond citing *Read*, which left open whether an appeal waiver applies when the written judgment conflicts with, rather than elaborates on, the oral pronouncement. *See Read*, 118 F.4th at 1322–23; *cf. United States v. Shaw*, 139 F.4th 548, 552 (6th Cir. 2025) (holding that "when a defendant argues on appeal that the written judgment and oral sentence conflict, he is not challenging his sentence," and so the appeal waiver does not apply). The government otherwise concedes that Buchanan was denied due process as to the discretionary conditions of supervised release that were included in his written judgment. We therefore deny the motion to dismiss based on the appeal waiver, and "we vacate the conditions and remand for resentencing" consistent with *Rodriguez*. 75 F.4th at 1249.

**AFFIRMED IN PART; VACATED and REMANDED IN PART.**