NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0535n.06

Case No. 24-3185

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Nov 20, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RICHARD ROY BLACK, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: McKEAGUE, GRIFFIN, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.**   Richard Black pleaded guilty to two child-pornography offenses.  At sentencing, the district court, in addition to sentencing Black to prison, ordered him to pay $152,000 in restitution to his victims under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA").

Black now challenges the AVAA financial penalties.  He contends that the district court erred by imposing, in its written judgment, an AVAA assessment without considering the mandatory statutory factors.  He also asserts that the district court erred in its restitution award. For the reasons below, we affirm in part and vacate in part.

**I.**

In 2022, law enforcement investigators uncovered 27 group chats from Chat Application A involving numerous people sharing images and videos of child pornography. One of the chat participants communicated using a telephone number registered to Black.  Investigators later

learned that Black was a registered sex offender. When officers executed a search warrant at Black's home, they located a cell phone beneath the floorboards in his bedroom that had Chat Application A installed on it. The cell phone contained thousands of images and videos of child sexual abuse material.

A grand jury indicted Black for: (1) knowingly accessing an internet chatroom with the intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 1); (2) receiving visual depictions of minors engaged in sexually explicit content in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and (3) possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). Black pleaded guilty to Counts 1 and 2.

The case proceeded to sentencing. After hearing arguments from the parties, the district court sentenced Black to 210 months' imprisonment. The court also ordered Black to pay a total of $152,000 in restitution to his victims under the AVAA and imposed a $10,000 special assessment—$5,000 per count—under the Justice for Victims of Trafficking Act of 2015. This appeal followed.

## II.

To begin, we must decide whether the district court imposed restitution or an assessment when it ordered Black to pay $152,000 under the AVAA. Black argues that the district court imposed an assessment because that is what the written judgment shows. The government argues that the court imposed restitution through its oral sentence. The government has the better argument.

A criminal defendant has a right to be present at his sentencing. This right is grounded in the Due Process Clause, *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam), and Federal Rule of Criminal Procedure 43(a)(3). "Oral sentencing recognizes that because criminal

punishment affects the most fundamental human rights, sentencing should be conducted with the judge and defendant facing one another and not in secret." *United States v. Hayden*, 102 F.4th 368, 371 (6th Cir. 2024) (citation modified). For this reason, the sentence that a district court announces "from the bench in the defendant's presence *is* the sentence." *United States v. Shaw*, 139 F.4th 548, 552 (6th Cir. 2025) (citation modified). A written judgment that conflicts with the oral sentence "is a nullity." *Id.* (quotation omitted). That said, we can consider a written judgment "to help clarify an ambiguous oral sentence." *Id.* at 553 (quotation omitted).

The district court's oral sentence is not ambiguous. At the sentencing hearing, the district court stated that "the [$]152,000 is *restitution*, mandatory if appropriately made, and I found that it is." R. 67, PageID 534 (emphasis added). It also explained that "AVAA restitution" is "to be applied in no less than $3,000 per victim" and the "myriad materials" before the court "supports the asks of no less than $3,000 in certain counts, and more than that in other counts . . . for a total of $152,000 pursuant to [the] AVAA." *Id.* at 556. The district court clearly ordered Black to pay $152,000 in restitution under the AVAA, not an assessment.

## III.

We consider next whether the district court erred in awarding restitution to Black's victims. We generally "review the propriety of ordering restitution de novo and the amount of restitution ordered for abuse of discretion." *United States v. Ruiz-Lopez*, 53 F.4th 400, 404 (6th Cir. 2022) (quotation omitted). But when a defendant fails to object to the restitution order at sentencing, we review for plain error. *United States v. Reaume*, 338 F.3d 577, 585 (6th Cir. 2003). To establish plain error, a defendant must show that: (1) there was an error, (2) the error was "plain," (3) the error affected his "substantial rights," and (4) "the error had a serious effect on the fairness,

integrity or public reputation of judicial proceedings." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (citation modified).

Black did not object to the restitution award at sentencing. When the district court asked if Black had any objections to the sentence the district court just pronounced, *see United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), his counsel replied, "we would maintain an objection under *Bostic* [to] maintain all of his appellate rights." R. 67, PageID 571. The government sought clarification, asking whether Black's objection was based on "substantive reasonableness," "procedural reasonableness," or "the [district court's] finding of the statutory enhancement." *Id.* at 572. When pressed further by the district court, defense counsel "maintain[ed] those objections on all the grounds that the government just outlined." *Id.* When "a party answers the *Bostic* question in the affirmative, but at such a high degree of generality that the district court has no opportunity to correct its purported error and the court of appeals has been deprived of a more detailed record to review," plain-error review applies. *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009). Because Black did not adequately preserve his challenge to the district court's restitution order, we review his challenge for plain error.

Black was convicted of child-pornography offenses under 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). Those offenses constitute "trafficking in child pornography." 18 U.S.C. § 2259(c)(3). For defendants convicted of trafficking-in-child-pornography offenses, restitution is mandatory. *Id.* § 2259(b)(4)(A). The district court first "determine[s] the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." *Id.* § 2259(b)(2)(A). Then the court must "order restitution in an amount that reflects the defendant's relative role in the causal

process that underlies the victim's losses." *Id.* § 2259(b)(2)(B). At a minimum, each victim is entitled to $3,000. *Id.*

The government concedes that restitution should not have been awarded to three of Black's victims—referred to by the government as 8KIDS6, 8KIDS_0, and Teal&Pink Princess 1 (Raven)—because they did not request restitution. That said, the government contends that the district court did not commit plain error in awarding restitution to the remaining victims.

In determining the restitution amount, the district court relied on victim impact statements, the government's sentencing memorandum which detailed the restitution requests for each victim, and the Presentence Investigation Report ("PSR"). During the sentencing hearing, the district court noted that it was "aware of the victim impact in this case" and observed that "the particular restitution requests are referenced not only in the government's memo, but also in [the PSR]." R. 67, PageID 508–09. The district judge also expressed a willingness to read the victims' names, statements, and the amounts awarded to each victim into the record. Black did not accept the offer.

Other than the three victims that the government acknowledges are not entitled to restitution, the district court did not plainly err in its restitution award. Generally, a district court must make "adequate factual findings" when calculating the amount of restitution. *United States v. Sexton*, 894 F.3d 787, 801 (6th Cir. 2018) (quotation omitted). But when a defendant does not dispute the amount of restitution, the district court need not "make more specific factual findings." *Id.* A district court thus does not "plainly err as a result of failing to make such findings." *Id.* Because Black did not dispute the amount of restitution award, the district court did not plainly err by failing to provide more specific factual findings.

Black's contrary arguments do not persuade us otherwise.

First, Black argues, relying on the written judgment, that the restitution award was actually an AVAA assessment under 18 U.S.C. § 2259A. He claims that the assessment exceeds the statutory maximum and that the court failed to consider the appropriate statutory factors before imposing the assessment. But as we explained above, the district court imposed AVAA restitution in the amount of $152,000, not an assessment.

Second, Black argues that the district court lacked sufficient information to impose restitution. In *Paroline v. United States*, the Supreme Court addressed the issue of the amount of restitution a possessor of child pornography owes their victims. 572 U.S. 434, 439 (2014). It concluded that courts "should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id*. at 458. The Court provided "rough guideposts" to help determine a restitution amount that fits the offense. *Id.* at 460. These factors include the number of offenders involved, whether the defendant reproduced or distributed images of the victim, whether the defendant had any role in developing the initial images, and the number of images of the victim the defendant possessed. *Id.* at 460. But it also cautioned that "[t]here are a variety of factors district courts might consider in determining a proper amount of restitution, and it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount." *Id.* at 459–60.

The materials the district court relied on to impose restitution did not include information related to every *Paroline* factor. But Black's failure to challenge the restitution amount before the district court "suggest[s] that he agreed the estimates were appropriate reflections of his 'relative role.'" *United States v. Goodin*, 815 F. App'x 860, 866 (6th Cir. 2020) (quoting *Paroline*, 572 U.S. at 458). And the restitution amounts awarded to each victim "appear[] facially reasonable." *Id.*

**IV.**

For these reasons, we **AFFIRM** Black's sentence in part, **VACATE** his sentence in part, and **REMAND** to the district court for the limited purposes of removing restitution to the three victims referred to by the government as 8KIDS6, 8KIDS_0, and Teal&Pink Princess 1 (Raven) and correcting the error in the written judgment mislabeling the AVAA restitution award as an AVAA assessment.