NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0212n.06

No. 25-5749

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 13, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|  | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
|  | ) | DISTRICT OF TENNESSEE |
| ESTIFANOS KUMSSA, | ) | |
|  | ) | |
| Defendant-Appellant. | ) | OPINION |
|  | ) | |
|  | ) | |

Before: CLAY, McKEAGUE, and NALBANDIAN, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Estifanos Kumssa (Kumssa) appeals from the district court's order and judgment sentencing him to a 260-month term of imprisonment for two counts of carjacking and two counts of possessing and brandishing a firearm during those carjacking offenses, in violation of 18 U.S.C. §§ 2119(1) and 924(c)(1)(A), respectively. For the reasons set forth below, we **AFFIRM** the district court's order and judgment.

## I. BACKGROUND

### A. Factual Background

On May 30, 2019, Kumssa and another individual approached an Uber Eats driver, who was sitting in his vehicle, taking a break in between orders. Kumssa tapped on the car window with a handgun, wedged the gun into the partially open window, and held it to the driver's head. He demanded money and ordered the driver to exit the vehicle, and then Kumssa and the other individual got into the car and drove away. Later that day, Kumssa and his partner approached

another individual sitting in a car, surrounded him on both sides of the car with handguns, demanded that he exit the vehicle, and drove away in his car while he lay face down in the parking lot.

Shortly thereafter, law enforcement tracked down the second vehicle that Kumssa had stolen, with Kumssa still inside. They initiated a traffic stop and pursued Kumssa and the other suspect, who fled at a high velocity, finally deploying spike strips to stop them. The suspects fled on foot, but Kumssa was ultimately apprehended.

## B. Procedural Background

A grand jury indicted Kumssa on two counts of taking a motor vehicle with intent to cause death and serious bodily harm, in violation of 18 U.S.C. § 2119(1) (Counts One and Three), two counts of knowingly using, carrying, and brandishing a firearm during and in relation to those carjackings, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two and Four), and one count of knowingly possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Five). After a trial, a jury found Kumssa guilty of Counts One through Four but not Count Five.

Kumssa's Presentence Investigation Report (PSR) reflected that on the date of the carjackings, Kumssa had been on probation for a previous state carjacking conviction (Rutherford County Criminal Court, Murfreesboro, Tenn.; Docket No. 2018-CR-79532). The state court revoked his probation and imposed a 10-year term of imprisonment due to the May 2019 offenses in this case. Additionally, Kumssa had been tried and convicted of an aggravated robbery with a deadly weapon and kidnapping that occurred on April 19, 2019, and is serving an aggregate 21-year term of imprisonment for those offenses (Davidson County Criminal Court, Nashville, Tenn.; Docket No. 2019-C-2149). Finally, Kumssa had pending state charges for the May 2019 offenses

underlying this appeal (Davidson County Criminal Court, Nashville, Tenn.; Docket No. 2019-C-2216), for two counts of allegedly assaulting an officer in the correctional facility in Tennessee (Davidson County Criminal Court, Nashville, Tenn.; Docket No. 2020-D-2223), and for an alleged assault in the Grayson County Jail, where Kumssa was detained pending this district court trial (Grayson County Circuit Court, Leitchfield, Ky.; Docket No. 25-CR-00022).

The PSR referenced the United States Sentencing Guidelines § 2K2.4 for Kumssa's § 924(c)(1)(A) offenses and explained that "the term of imprisonment . . . required by the statute" was "84-month sentence[s] to be served consecutively to any other term of imprisonment." PSR, R. 144, PageID #468. Neither party objected to that statement.

In his sentencing memorandum, Kumssa requested a sentence "at the bottom of the Guideline range for the instant federal conviction to run concurrent with the above-mentioned state sentences and any other pending cases . . . ." Def.'s Sentencing Mem., R. 128, PageID #358. He asked that the district court "specifically order the sentence to be served concurrently with any state sentence" and pointed out that, if it did so, it should also designate the state facility for service of his federal sentence. *Id.* at PageID #359–60. The government's sentencing memorandum did not address Kumssa's request for concurrent sentencing.

During the sentencing hearing, the district court acknowledged the guidelines range and the point that, "of course, Counts Two and Four are 84-month mandatory minimum consecutive." Sentencing Tr., R. 132, PageID #374. Neither party objected. Later in the hearing, Defense counsel reiterated, "I think a sentence concurrent with all pending State sentences is sufficient but not greater than necessary to meet the ends of sentencing." *Id.* at PageID #377. When the district court asked the government's opinion on the concurrency request, counsel for the prosecution stated, "If the Court sentences in the 283-month range and that's concurrent to that other, I think

the victims' rights in both instances are realized [] because those are significant sentences, even though they will overlap." *Id.* at PageID #379.

The district court proceeded to determine Kumssa's sentence, noting, "Here we have two mandatory minimum and consecutive sentences that run consecutive with . . . the other two counts." *Id.* at PageID #381. The imprisonment portion of Kumssa's sentence as pronounced at the hearing was a bottom-of-the-guidelines term of 260 months, comprising 92 months, concurrent, for Counts One and Three, and 84 months for each of Counts Two and Four, consecutive to each other and to the 92 months for Counts One and Three.

Kumssa requested that the district court designate for service of his federal sentence the state facility housing him, and the district court replied, "Okay. I'll make that recommendation. I will run those concurrent with the cases you asked me to run them concurrent with, . . . exercising the Court's discretion." *Id.* at PageID #383. Neither party raised further objections when prompted at the end of sentencing.

The day after the hearing, the district court issued an order stating that "an issue arose that require[d] additional briefing" regarding "whether the Court may impose Defendant's sentence in this case to run concurrently with the sentence[s] . . . imposed in Defendant's state criminal case[s] . . . ." Order, R. 131, PageID #367. Both parties submitted filings. The government's brief argued that the district court should either resolve any ambiguity about concurrency in the written judgment or formally correct the sentence under Federal Rule of Criminal Procedure 35(a). The government additionally submitted a motion under Rule 35(a) to correct the sentence. Kumssa argued that the district court had unambiguously imposed his full sentence concurrently with his state sentences and that the district court lacked authority to modify that ruling.

The district court took the first route that the government had proposed. It stated that "[i]n preparing the written judgment, the Court became aware of an ambiguity regarding whether Defendant's sentence was to run concurrently or consecutively" with Kumssa's state sentences and clarified that the § 924(c) sentences would "run consecutively to each other and the [other] sentence[s.]" Order, R. 136, PageID #411. It denied the government's Rule 35 motion, having resolved the matter as an ambiguity instead.[1] The judgment against Kumssa imposed a term of imprisonment of:

> 260 months, which is comprised of: (1) 92 months on Counts 1 and 3 to run concurrent with each other and any sentence in Davidson County Criminal Court, Case No. 2019-C-2149, the sentences that have yet to be imposed in Davidson County Criminal Court, Case Nos. 2019-C-2216 and 2020-D-2223, and in the Grayson County, Kentucky Circuit Court, Case No. 25-cr-00022; and (2) 84 months on each of Counts 2 and 4 to run consecutively to each other and the sentence for Counts 1 and 3, as well as any State sentence imposed on defendant.

J., R. 137, PageID #415. Kumssa appeals from that order and judgment.

## II.   DISCUSSION

On appeal, Kumssa argues that the district court erred in concluding that his sentence under 18 U.S.C. § 924(c)(1)(A) could not run concurrently with his state sentences, that the district court improperly altered his sentence outside of his presence, and that the government waived its arguments on those issues. We disagree.

---

[1] Because the district court denied the government's Rule 35 motion and instead addressed the concurrency issue as an ambiguity, and we affirm on that basis, we need not address Kumssa's arguments that the Rule 35 motion was improper or lacking in merit.

### A. Consecutive Sentences Mandated Under 18 U.S.C. § 924(c)(1)

Kumssa asserts that the district court should have imposed his sentences for Counts Two and Four concurrently with his state sentences. We review the district court's interpretation of 18 U.S.C. § 924(c)(1)(A) *de novo*. *United States v. Jackson*, 918 F.3d 467, 489 (6th Cir. 2019) (citing *United States v. Langan*, 263 F.3d 613, 627 (6th Cir. 2001)); *cf. United States v. Eason*, 919 F.3d 385, 387–88 (6th Cir. 2019) (reviewing district court's interpretation of 18 U.S.C. § 924(e) *de novo*), *abrogated on other grounds by Shular v. United States*, 589 U.S. 154 (2020).

Section 924(c)(1)(D)(ii) states:

> [N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(D)(ii). That language plainly prohibits district courts from imposing a sentence for a § 924(c)(1) violation concurrently with any other term of imprisonment. Interpreting a previous version of the statute, the U.S. Supreme Court expressly held that the prohibition applied to state-imposed sentences. *United States v. Gonzales*, 520 U.S. 1, 2–3 (1997). And it has since reiterated that a sentence under subsection (c) "must run consecutively, not concurrently, in relation to other sentences." *Lora v. United States*, 599 U.S. 453, 457 (2023); *see also Barrett v. United States*, 607 U.S. ----, 146 S. Ct. 482, 489 (2026) ("Congress [] extended . . . the consecutive-sentence mandate . . . so that [it] applies as between a subsection (c) sentence and 'any other term of imprisonment.'" (quoting 18 U.S.C. § 924(c)(1)(D)(ii))); *Dean v. United States*, 581 U.S. 62, 70 (2017) ("[T]he requirement of consecutive sentences removes the discretion to run sentences concurrently that district courts exercise . . . .").

Kumssa contends that *Gonzales* is not controlling because of amendments to the statute post-dating that opinion. In 1998, Congress amended § 924, in part altering the language,

> nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried[,]

18 U.S.C. § 924(c)(1) (1996), to,

> no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment *imposed on the person,* including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed[,]

*id.* § 924(c)(1)(D)(ii) (1998) (emphasis added). The latter phrasing remains in the statute today. In Kumssa's view, the phrase, "imposed on the person," limits the consecutiveness requirement to only those sentences imposed at the same hearing as the § 924(c) sentence. Ignoring that phrase, he says, fails to "give effect . . . to every clause and word of [the] statute." Def.'s Reply 9 (quoting *Duncan v Walker*, 533 U.S. 167, 174 (2001)). But Kumssa offers no support for his interpretation of those words, and it strikes us as an unnatural reading. "Imposed on the person" indicates nothing about time or place. Read naturally, the statute prohibits the sentence from running concurrently with any other sentence imposed on the person.

Furthermore, this Court recently reaffirmed the reasoning of *Gonzales* by applying it to the federal identity theft statute, which contains the same phrase on which Kumssa relies. Title 18, section 1028A of the United States code, enacted in 2004, after *Gonzales* and after the relevant amendments to § 924(c), states:

> [N]o term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment *imposed on the person* under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used . . . .

18 U.S.C. § 1028A(b)(2) (emphasis added).  In *Gilbert v. United States*, 64 F.4th 763 (6th Cir. 2023), we held that under "18 U.S.C. § 1028A[,] . . . an aggravated identity theft sentence must run consecutive to all other sentences, including undischarged state sentences."  64 F.4th at 774. We looked directly to *Gonzales* and, "see[ing] little daylight between § 924(c) and § 1028A(b)(2)," concluded that, "read naturally, the term 'any other term of imprisonment' encompasses state sentences."  *Id.* at 775.  We do not see why our interpretation of the same language in § 924(c)(D)(ii) should depart from *Gilbert*.

The district court did not have discretion to impose Kumssa's sentences for Counts Two and Four concurrently with any others, including the state-imposed sentences.  *See* 18 U.S.C. § 3553(e)–(f); *cf. United States v. Williams*, 687 F.3d 283, 284 (6th Cir. 2012) ("[W]e hold that the only permissible basis for a below-minimum sentence is the defendant's substantial assistance.").

## B. Clarification of Ambiguous Sentence

The Due Process Clause of the Fifth Amendment protects a criminal defendant's right to be present at sentencing, and Federal Rule of Criminal Procedure 43(a)(3) puts that protection into practice.  *United States v. Hayden*, 102 F.4th 368, 371 (6th Cir. 2024) (citing *United States v. Gagnon*, 470 U.S. 522, 526 (1985)); *see* Fed. R. Crim. P. 43(a)(3) (requiring that defendants generally be present at sentencing).  Therefore, where a written judgment conflicts with the sentence pronounced orally before the defendant, the oral sentence controls.  *United States v. Shaw*, 139 F.4th 548, 552 (6th Cir. 2025); *United States v. Blake*, 166 F.4th 611, 626 (6th Cir. 2026) (citing *Shaw*, 139 F.4th at 553).  Where the written sentence does not contradict the oral sentence, though, but rather clarifies an ambiguity, it is valid.  *See Shaw*, 139 F.4th at 553; *United States v. Black*, No. 24-3185, 2025 WL 3244516, at *1 (6th Cir. Nov. 20, 2025).

Our circuit's case law on this issue does not articulate a standard of review. *See, e.g.*, *Shaw*, 139 F.4th at 553–55; *United States v. Penson*, 526 F.3d 331, 334–35 (6th Cir. 2008); *Black*, 2025 WL 3244516, at *1–2. But whether language is ambiguous is typically a legal question that we review *de novo* in other contexts. *See, e.g.*, *United States v. Thompson*, 925 F.3d 292, 298 (6th Cir. 2019) (stating that whether a plea agreement contained ambiguity was a question of law for *de novo* review).

Kumssa's sentence as pronounced orally by the district court was ambiguous: The transcript is not clear as to whether the district court meant that all of Kumssa's sentences in this case would run concurrently with his other pending sentences (a result that, as we have established, the court lacked discretion to order) or that only a subset would run concurrently. On the one hand, the district court noted that, "of course, Counts Two and Four are 84-month mandatory minimum consecutive[,]" Sentencing Tr., R. 132, PageID #374, and neither party objected. And the district court later added, "Here we have two mandatory minimum and consecutive sentences that run consecutive with . . . the other two counts." *Id.* at PageID #381. On the other hand, the district court did not explicitly state that the sentences for Counts Two and Four would run consecutively to sentences not imposed at the hearing, but rather stated, generally, "I will run those concurrent with the cases you asked me to run them concurrent with, . . . exercising the Court's discretion." *Id.* at PageID #383. The referent of "those" is unspecified. It could have meant the entire "federal sentence" or only the part of the "federal sentence" that was within "the Court's discretion" to "run [] concurrent[ly.]" *Id.* The government's general acquiescence to concurrency was also ambiguous. Counsel could have been agreeing to run the entire sentence concurrently or could have been speaking under the assumption that all parties understood the statutory constraints that prohibited the district court from doing that.

Kumssa argues that he was clear in his request that his sentence run concurrently with *all of his state sentences.* He was indeed clear about that. But which *parts of his federal sentence* should run concurrently to those sentences was not clear. Nowhere in the sentencing papers or hearing did Kumssa explicitly convey that he was asking for the district court to run his § 924(c) sentences concurrently with the others. He referred only generally to his federal sentence. He could have meant to implore the court to run his entire sentence concurrently or he could have meant that the court run his sentence concurrently to the extent of its permitted discretion under the law. The record of the hearing is reasonably susceptible to both meanings, making it ambiguous. *Cf. Louisville Gas & Elec. Co. v. FERC*, 988 F.3d 841, 848 (6th Cir. 2021) ("It is a well-accepted tenet of contract law that 'a contract is not ambiguous unless, after applying established rules of interpretation, [the language] remains reasonably susceptible to at least two reasonable but conflicting meanings.'" (quoting *CNH Indus. N.V. v. Reese*, 583 U.S. 133, 139 (2018) (per curiam))).

The sentence imposed in the written judgment did not conflict with the sentence pronounced orally. It included a term of imprisonment of "84 months on each of Counts 2 and 4 to run consecutively to each other and the sentence for Counts 1 and 3, as well as any State sentence imposed on defendant." J., R. 137, PageID #415. Orally, the district court had indicated, "84 months each for Counts Two and Four that are consecutive to each other, and both those are consecutive to the 92 months for Counts One and Three." Sentencing Tr., R. 132, PageID #382. It later agreed to "run" an unspecified sentence "concurrent with the cases [Kumssa had] asked [it] to run them concurrent with, . . . exercising the Court's discretion." *Id.* at PageID #383. The judgment merely clarified that the sentences for Counts Two and Four would be consecutive to

Kumssa's state sentences; the district court had never said otherwise. The district court's clarification was proper.

### C. Forfeiture and Invited Error

Kumssa argues that the government's assent to concurrent sentencing before the district court forecloses the position that the government takes now. He asserts that the government invited the district court's error or at least forfeited the issue.

Forfeiture occurs when a party is silent on a matter. *United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023). We review forfeited arguments for plain error. *United States v. Carter*, 89 F.4th 565, 568 (6th Cir. 2023) (citing *Akridge*, 62 F.4th at 263). Invited error occurs "when a party 'provoke[s] the court' to reach a conclusion without expressly adopting that position . . . ." *Akridge*, 62 F.4th at 263 (first alteration in original) (quoting *United States v. Woods*, 61 F.4th 471, 481 (6th Cir. 2023)). When we occasionally review invited errors, we do so also for plain error, but only "to prevent 'manifest injustice.'" *Id.* (quoting *Woods*, 61 F.4th at 481).

Those standards are relevant when considering arguments raised by a party challenging a decision of the lower court. Here, the government does not challenge the district court judgment; it agrees with the district court that the written judgment appropriately cleared up an ambiguity in the orally delivered sentence. Kumssa is the party on the offensive. And, regardless, the government took the same positions before the district court as it raises in response to Kumssa's appeal, and the district court considered those arguments. *See United States v. Dale*, 156 F.4th 757, 765–66 (6th Cir. 2025) (holding that the government did not forfeit an issue "where the district court [] addressed the merits[,]" facilitating the Court's review, and where the issue had "been fully briefed on appeal" (first quoting *United States v. Clariot*, 655 F.3d 550, 556 (6th Cir. 2011); and then quoting *Bledsoe v. Tenn. Valley Auth. Bd. of Dirs.*, 42 F.4th 568, 588 n.4 (6th Cir. 2022))).

If Kumssa means that the district court should not have considered the government's arguments after sentencing because they were forfeited, we disagree. Kumssa relies on *Walker v. United States*, 134 F.4th 437 (6th Cir. 2025), but he only discusses it in his Reply and, in any event, it is distinguishable. In *Walker*, the district court improperly considered the government's waived statute of limitations defense. 134 F.4th at 438. Importantly, "[t]he differences between waiver and forfeiture decide[d] th[at] case," *id.* at 440, and Kumssa does not assert waiver. The timeliness issue was abundantly clear to the government in *Walker*, *id.* at 445–46, whereas the government in this case did not necessarily understand that the parties had different interpretations of the sentence until the district court issued its order and requested briefing. The parties all conceivably could have understood that only the carjacking sentences could possibly be concurrent. And given the repeated references to the statutory consecutive minimum under § 924(c) in the sentencing record, we disagree that the government had reason to object during the hearing to preserve its arguments related to that statute. *See United States v. Smith*, 966 F.2d 1045, 1050 n.4 (6th Cir. 1992) (concluding that vacatur was proper despite the government's lack of objection to the sentence because the government had instructed the court on the statutory minimum prior to sentencing).

We see no error in the district court's request for briefing prior to entering the final judgment, and we see no error in the government's responding to that request, just as Kumssa did.

### III.  CONCLUSION

Title 18, section § 924(c) of the U.S. Code prohibits the direction of any sentence under that section to run concurrently with any other sentence. The district court properly clarified an ambiguity in the orally pronounced sentence to that effect. The government's position at

sentencing did not inhibit the district court's ability to do so.  Therefore, we **AFFIRM** the district court's order and judgment.